UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KRITHIKA MEENASKSHI SUNDARAM<br><br>Plaintiff,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as PRESIDENT OF THE UNITED STATES; MARCO RUBIO, in his official capacity as SECRETARY OF STATE; KRISTI NOEM, in her official capacity as SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY; TODD LYONS, in his official capacity as ACTING DIRECTOR, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT (ICE); and PETE R. FLORES, in his capacity as ACTING COMMISSIONER, U.S. CUSTOMS AND BORDER PROTECTION,<br><br>Defendants. | Civil Action No. 25-02510 (JXN)<br><br>**ORDER** |

**NEALS**, District Judge

    **THIS MATTER** having come before the Court by way of Plaintiff Krithika Meenaskshi Sundaram's ("Plaintiff") Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction (the "Motion"). (ECF No. 4.) Plaintiff represents that they served all filings to the United States Attorney's Office for the District of New Jersey via certified mail and overnight delivery by Federal Express. (*See* ECF No. 4-4 at 2.) Summonses were issued on April 10, 2025 (ECF No. 3), and Defendants have not yet appeared in the case.

    The Court may issue a preliminary injunction only on notice to the adverse party. Federal Rule of Civil Procedure 65(a)(1). The Court may issue a TRO without written or oral notice to the adverse party or its attorney only if (1) specific facts in an affidavit or a verified complaint clearly

show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (2) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required. Fed. R. Civ. P. 65(b)(1)(A)–(B).

Although Rule 65 does not define the amount or type of notice required, it is not apparent whether Defendants have received notice of the Motion as required by Rule 65. *See, e.g., Chaves v. Int'l Boxing Fed'n,* Civ. No. 16-1374, 2016 WL 1118246, at *1 (D.N.J. Mar. 22, 2016) ("The notice requirement of Rule 65 'is not merely a procedural nicety, but rather, a fundamental aspect of procedural due process under the Constitution.") (quoting *Anderson v. Davila*, 125 F.3d 148, 156 (3d Cir. 1997)). Nor is it clear, without more information or authority upon which this Court may rely, that Plaintiff has abided by Rule 4 of the Federal Rules of Civil Procedure in effectuating proper service to the named Defendants or their counsel. Accordingly,

**IT IS** on this 21st day of April, 2025,

**ORDERED** that by **5:00 p.m. on April 22, 2025,** Plaintiff shall provide the Court with information regarding any efforts made to accomplish service and/or notify Defendants of this action and their Motion; and it is further

**ORDERED** that Plaintiff's counsel shall provide a copy of this Order to Defendants or their counsel.

_____
HONORABLE JULIEN XAVIER NEALS
United States District Judge